Ryan P. Healy
Healy Law Firm, LLC
49 S. Main St.
P.O. Box 605
Sheridan, WY 82801-0605
Phone: 307-672-7437
Fax: 307-672-0187
E-mail: ryan@healylawwyo.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 22-cr-00060-NDF |
| Plaintiff, | |
| vs. | |
| RONALD OSTROM, | |
| Defendant. | |

## DEFENDANT'S OBJECTION TO GOVERNMENT'S MOTION FOR JURY VIEW OF LIVESTOCK

The Defendant, by and through his undersigned attorney, hereby presents his Objection to the Government's Motion for Jury View of Livestock ("Government's Motion").

The Government correctly recognizes that the decision whether to permit a jury to view evidence outside the courtroom is a matter for the discretion of the trial court. *United States v. Culpepper*, 834 F.2d 879, 883 (10th Cir. 1987). In denying a defendant's motion seeking to allow the jury to visit a crime scene at the federal prison in Florence, Colorado, Judge Blackburn of the United States District Court of Colorado aptly summarized the relevant considerations:

> Jury views are "highly unusual," *Inaganti v. Columbia Properties Harrisburg, LLC*, 2010 WL 2471671 at *3 (E.D. Pa. June 15, 2010), and thus rarely appropriate, *Ruelas Aldaba v. Michelin North America, Inc*., 2005 WL 3560587 at *7 (N.D. Cal. Dec. 29, 2005). The determination whether to permit a jury view is committed to the sound

1

discretion of the trial court. *See United States v. Culpepper,* 834 F.2d 879, 883 (10th Cir. 1987); *United States v. Gallagher,* 620 F.2d 797 (10th Cir.), *cert. denied,* 449 U.S. 878, 101 S.Ct. 224, 66 L.Ed.2d 100 (1980). That discretion is guided by a number of considerations, including but not limited to: the availability of other sources of documentary evidence and/or witness testimony, *United States v. Passos-Paternina,* 918 F.2d 979, 986 (1st Cir. 1990), *cert. denied,* 501 U.S. 1209, 111 S.Ct. 2808, 115 L.Ed.2d 980 (1991); *Kelley v. Wegman's Food Markets, Inc.*, 98 Fed.Appx. 102, 104 (3rd Cir. 2004); whether conditions at the site have changed since the time of the incident, *Culpepper,* 834 F.2d at 883; *In re M/V Mielke Wave*, 2011 WL 4063274 at *1 (E.D. Mich. Sept. 13, 2011); and any logistical difficulties that may be associated with coordinating and executing an out-of-court excursion, *United States v. Bernal*, 533 Fed.Appx. 795, 795-796 (9th Cir. 2013); *United States v. Chiquito,* 175 Fed.Appx. 215, 218 (10th Cir. 2006); including any potential dangers inherent thereto, *United Sates v. Moonda*, 347 Fed.Appx. 192, 201 (6th Cir. 2009); *Passos-Paternina*, 918 F.2d at 986. *See also Langenbau v. Med-trans Corp*., 167 F.Supp.3d 983, 993-94 (N.D. Iowa Mar. 8, 2016) (distilling relevant considerations in context of Rule 401/403 analysis, balancing probative value of jury view against potential for undue prejudice, confusion, waste of time, and/or needless presentation of cumulative evidence).

*United States v. Santiago*, 203 F.Supp.3d 1135, 1137 (D. Colo. 2016).

Courts, including the Tenth Circuit Court of Appeals, have routinely held that a trial court acts within its discretion when it denies a motion for a jury view of a crime scene so long as sufficient evidence is available to describe the scene, such as testimony, diagrams, or photographs. *See, e.g., United States v. Chiquito*, 175 Fed.Appx. 215, 217 (10th Cir. 2006); *Culpepper*, 834 F.2d at 236 (finding that the trial court did not abuse its discretion where the condition of the scene had changed and photographs were admitted into evidence).

The Court should similarly exercise its sound discretion in the present matter and deny the Governments Motion.  To understate, discovery in this case has been extensive.  Much of the Government's discovery is specifically directed at identifying the horses at issue.  The Government has produced stacks of photographs of the horses, including edited photographs "zooming in" on what the Government alleges are distinct markings and physical characteristics of these horses.  The Defendant expects that these stacks of photographs will be admitted and

2

prominently displayed to the jury at trial.   The Government has also identified *numerous* witnesses – investigation officers, expert witnesses, and lay fact witnesses – who will be called to describe these horses and specifically offer opinions as to the identity of those horses.   Moreover, according to the Government's reports, most if not all of these witnesses will testify that the appearance of horses changes dramatically over the years and even over the seasons.   The relevance of how these horses look now – well over two years after the investigation began – is highly questionable.

The Government's plan to move the federal courtroom to the Laramie County Fairgrounds for the afternoon amounts to nothing short of an [dog and] pony show.   The Court is certainly aware of and has already acknowledged the significant logistical challenges associated with coordinating and executing the proposed out-of-court excursion.   Moreover, the evidence will undoubtedly be presented through more-than-adequate documentary evidence and witness testimony, rendering the exercise completely unnecessary.   And to the extent that the evidence would be relevant, the probative value of the exercise is substantially outweighed by the danger of confusing the issues, misleading the jury, undue delay, wasting time, and needlessly presenting cumulative evidence.    The Court should deny the Government's Motion and try the case in the courtroom.

WHEREFORE, the Defendant respectfully requests that the Court enter its Order denying the Government's Motion for Jury View of Livestock.

3

DATED this 27th day of November, 2023.


**RONALD OSTROM,**
**DEFENDANT**

By: _____/s/ Ryan P. Healy_____
Ryan P. Healy (WSB # 6-3509)
Healy Law Firm, LLC
49 South Main Street
P.O. Box 605
Sheridan, WY 82801-0605
(307) 672-7437/Fax: (307) 672-0187
ryan@healylawwyo.com
Attorney for Defendant Ronald Ostrom


**<ins>Certificate of Service</ins>**

I hereby certify that on this 27th day of November, 2023, a true and correct copy of the foregoing document was electronically filed and consequently served upon Michael J. Elmore, Assistant United States Attorney.


___/s/ Ryan P. Healy_____
Ryan P. Healy