

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>RONALD OSTROM,<br><br>Defendant. | Case No. 22-cr-00060-NDF |

## ORDER DENYING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

THIS MATTER comes before the Court on the Defendant's Motion for Extension of Time to File a Notice of Appeal. ECF 102.

A criminal defendant has 14 days from entry of judgment to file a notice of appeal. *See* Fed. R. App. P. 4(b)(1)(A)(i). However, upon a finding of good cause or excusable neglect, the district court may extend the time to file a notice of appeal for a period not to exceed 30 days from the initial 14-day deadline. Fed. R. App. P. 4(b)(4). The movant has the burden of establishing good cause or excusable neglect. *United States v. Cortez-Perez*, 317 F. App'x 829, 831 (10th Cir. 2009) (citing *United States v. Lucas*, 597 F.2d 254, 245 (10th Cir. 1979).

Here, judgment was entered on February 20, 2024, thus giving the Defendant until March 5, 2024, to file an appeal. However, the Defendant did not file his notice of appeal until March 7, 2024. ECF 102. Thus, the Defendant must demonstrate "excusable neglect or good cause" to justify an extension of time.

In determining whether a party's neglect is excusable, the Court evaluates four factors: (1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on

judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)).

Here, the Defendant contacted Attorneys Tim Blatt and Sam Krone, after his trial, but before his sentencing, to discuss his interest in appealing his conviction. The Defendant decided to continue with his current attorney, Ryan Healy, through sentencing. However, Mr. Krone understood that Mr. Healy would forward to Mr. Krone a copy of the final sentencing order. Mr. Krone did not receive this copy until March 6, 2024, after the time to appeal had already passed.

Applying the four factors, it does not appear there is any danger of prejudice to the nonmoving party as the Government has not opposed this motion. In addition, the length of the delay is quite minimal and would have little potential impact on any judicial proceedings. The Defendant also appears to have acted in good faith. Therefore, three of the four factors weigh in favor of granting the motion for extension. However, the third factor, fault in the delay, is the "most important single factor", and here does not weigh in favor of the Defendant. *Torres*, 372 F.3d at 1163.

Other courts examining circumstances similar have not found excusable neglect. Consider *United States v. Torres*. *Id.* at 1162–63. The court found three factors, besides fault in the delay, weighed in favor of the movant. However, the delay was defense counsel's fault because he simply confused the filing deadlines for civil and criminal appeals. The appellate court found that the district court abused its discretion in finding that this delay in filing was the result of excusable neglect. *Id.* at 1164. Similarly in *Biodiversity Conservation All. v. Bureau of Land Mgmt.*, counsel received the district court's judgment a day late. Counsel then filed her notice of appeal a day late

2

because she measured the deadline for filing the notice of appeal from that date. 438 F. App'x 669, 673 (10th Cir. 2011). The appellate court found that the district court abused its discretion in finding that this delay in filing was the result of excusable neglect. *Id.* at 1164; *see also United States v. Cerno*, 220 F. App'x 822, 823–24 (10th Cir. 2007) (holding that a district court abused its discretion in extending the time for filing a notice of appeal when the Defendant's excuse for failing to timely file a notice of appeal was his youth and inexperience with felony crimes, and that he did not decide to appeal until it was too late); *see also Buckley v. United States* 382 F.2d 611, 615 (10th Cir. 1967) (holding that it was "clearly" not a case of excusable neglect when a defendant filed a notice of appeal two days late because he did not receive notice of the judgment, was unfamiliar with local practice, and his heavy trial schedule required travel in the days preceding the deadline); *see also Long v. Emery* 383 F.2d 392 (10th Cir. 1967) (holding that delay in filing a notice of appeal due to a lack of knowledge by counsel that a judgment had been entered did not constitute excusable neglect).

      In this case, one counsel was aware of the date of judgment, but the other two counsel were not. Poor communication among counsel, does not constitute excusable neglect. Regardless, the date of judgment was public record, and waiting on other counsel to file a notice of appeal was not necessary. Lastly, the defendant has also not demonstrated good cause to justify an extension. "Good cause comes into play in situations in which there is not fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." *Torres*, 372 F.3d at 1161 n.1 (10th Cir. 2004) (citing *Bishop v. Corsentino*, 371 F.3d 1203, 1206–07 (10th Cir. 2004)). This does not apply here because the need for an extension was well within the control of Defendant.

The Court, being fully advised, hereby FINDS and ORDERS that the Motion is hereby **denied**.

DATED this 11th day of March, 2024.

_____
NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE