**FILED**

8:10 am, 3/18/24

**Margaret Botkins
Clerk of Court**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

        Plaintiff,

  vs.

RONALD OSTROM,

        Defendant.

Case No. 22-cr-00060-NDF

---

## ORDER DENYING DEFENDANT'S AMENDED MOTION FOR EXTENSION OF TIME TO FILE A NOTICE OF APPEAL

THIS MATTER comes before the Court on the Defendant's Amended Motion for Extension of Time to File a Notice of Appeal. ECF 107. The Defendant filed his initial Motion for Extension of Time to File a Notice of Appeal. ECF 104. The Court denied that motion. ECF 105. The Court now denies the Amended Motion for the following reasons.

The Defendant's original motion requested extra time because the Defendant's new attorney, Mr. Krone, had been waiting for the Defendant's original attorney, Mr. Healy, to forward to Mr. Krone a copy of the final sentencing order. The Court ruled that miscommunication among counsel did not satisfy Fed. R. App. P. 4(b)(4)'s requirement of a finding of "good cause or excusable neglect", necessary to extend the time to file a notice of appeal.

The Defendant's amended motion provides an additional explanation for the delay regarding the Defendant's other attorney, Mr. Blatt. Mr. Blatt's father was ill during the time-period to file an appeal. In addition, on March 5, 2024, the last day to file an appeal, Mr. Blatt transported his father to the emergency room. This new explanation does not meet the standard for "good cause or excusable neglect" and does not change the court's initial reasoning.

The Court already found that Mr. Krone's explanation for the delay did not constitute good cause or excusable neglect. The fact that another attorney, also assisting on the case, has an excuse does not change the Court's initial reasoning. [1]

The Court, being fully advised, hereby FINDS and ORDERS that the Motion is hereby **denied**.

DATED this 18th day of March, 2024.

_Nancy D Freudenthal_

NANCY D. FREUDENTHAL
UNITED STATES SENIOR DISTRICT JUDGE

---

[1] Mr. Blatt's excuse also does not meet the excusable neglect and good cause standard. The fact that Mr. Blatt's father was ill during this period, does not indicate that Mr. Blatt was not able to perform any work at all during this period. The motion could have been filed at any time during the two-week period. In some cases, a lawyer's *own* serious medical problems can constitute excusable neglect. *See United States v. Ruth*, 946 F. 2d 110, 112 n.2 (10th Cir. 1991) (finding excusable neglect when attorney was under continuous medical supervision and filed a notice of appeal one day late). However, a non-attorney staff member's illness that contributed to an untimely filing was not excusable neglect. *See Lopez v. Cantex Health Care Centers II, LLC*, 2023 WL 7321637, at *4 (10th Cir. Nov. 7, 2023). Therefore, an attorney's father's illness, which appears to have interfered with only one day of work, could not meet the standard for excusable neglect or good cause.