FILED
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

**April 15, 2024**

Christopher M. Wolpert
**Clerk of Court**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RONALD OSTROM,

    Defendant - Appellant.

No. 24-8022
(D.C. No. 2:22-CR-00060-NDF-1)
(D. Wyo.)

---

### ORDER

---

Before **HARTZ**, **MATHESON**, and **ROSSMAN**, Circuit Judges.

---

Retained counsel for appellant Ronald Ostrom filed a notice of his intent to appeal the *Judgment in a Criminal Case* entered by the district court on February 20, 2024.

The government filed a motion to dismiss the appeal as untimely. Mr. Ostrom's counsel responded, conceding that Mr. Ostrom "filed his notice of appeal two days late, outside the fourteen-day deadline for appealing in a criminal case as required in Fed. R. App. P. 4(b)(1)(A)." [*See* Response at 3]. Mr. Ostrom's counsel nonetheless argued that this court should deny the government's motion to dismiss because the motion to dismiss was itself untimely and "the district court did not properly consider the factors necessary to determine good cause or excusable neglect as related to [Mr. Ostrom's] motion for extension of time to file the Notice of Appeal."

Upon consideration of these filings, the district court docket, and the applicable law, the court grants the government's motion to dismiss for the reasons set forth below.

The defendant in a criminal case must file his notice of appeal in the district court within 14 days after entry of judgment. Fed. R. App. P. 4(b)(1). The district court is authorized to extend the time to appeal, but the extension may not exceed 30 days after the time to appeal expires. Fed. R. App. P. 4(b)(4). The time limits set forth in Rules 4(b)(1) and 4(b)(4) are "inflexible claim-processing rule[s]" that the government may forfeit if it does not properly raise. *United States v. Garduño*, 506 F.3d 1287, 1291 (10th Cir. 2007). If, however, the government properly invokes the time bar, this court must grant relief. *United States v. Mitchell*, 518 F.3d 740, 744 (10th Cir. 2008) (citing *Garduño*, 506 F.3d at 1290-91).

Here the district court entered its judgment and sentence on the docket on February 20, 2024. The time to appeal expired 14 days later, on March 5, 2024, *see* Fed. R. App. P. 4(b)(1)(A)(i), but Mr. Ostrom did not file his notice of appeal with the district court until March 7, 2024—two days late. The district court twice denied Mr. Ostrom's requests to extend the time to file his notice of appeal. *See* Fed. R. App. P. 4(b)(4); [ECF Nos. 105, 109]. The propriety of the district court's denials is not before the court on this appeal. *See, e.g.*, *United States v. Munoz*, 664 F. App'x 713, 714 (10th Cir. 2016).

Further, the government established good cause for filing its motion to dismiss the appeal more than 14 days after Mr. Ostrom filed his notice of appeal. Tenth Circuit Rule 27.3(A)(3)(a) provides that a party "should" file a motion to dismiss an appeal

"within 14 days after the notice of appeal is filed, unless good cause is shown." *See also United States v. Old Rock*, 76 F.4th 1314, 1317-18 & n.3 (10th Cir. 2023) (citing Rule 27.3(A)(3)(a) and holding that, absent good cause, parties forfeit all grounds for dismissal—except for lack of jurisdiction or waiver of appeal—not raised in a motion to dismiss within 14 days of the filing of the notice of appeal).

Here, however, the district court did not transmit the preliminary record from which this court opened the appeal until March 22, 2024—after the 14-day deadline set by Rule 27.3(A)(3)(a) had expired. [*See* ECF No. 111]. Because the government could not move to dismiss an appeal that this court had not opened and promptly filed its motion to dismiss the day after this court opened Mr. Ostrom's appeal, the government has established good cause for filing its motion to dismiss more than 14 days after Mr. Ostrom filed his notice of appeal. *See* 10th Cir. R. 27.3(A)(3)(a); *Old Rock*, 76 F.4th at 1318.

The government properly invoked the time bar by promptly filing a motion to dismiss this appeal as untimely. Accordingly, the court grants the government's motion and dismisses the appeal. *See Mitchell*, 518 F.3d at 744.

APPEAL DISMISSED.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT
Byron White United States Courthouse
1823 Stout Street
Denver, Colorado 80257
(303) 844-3157
Clerk@ca10.uscourts.gov

Christopher M. Wolpert
Clerk of Court

Jane K. Castro
Chief Deputy Clerk

April 15, 2024

Timothy J. Blatt
31 Sugar Bars Drive
Wapiti, WY 82414

Michael Elmore
U.S. Department of Justice
2120 Capitol Avenue, Suite 4002
Cheyenne, WY 82001

Mr. Samuel Peter Krone
Krone Law
901 36th Street
P.O. Box 2481
Cody, WY 82414

**RE:   24-8022, United States v. Ostrom**
**Dist/Ag docket: 2:22-CR-00060-NDF-1**

Dear Counsel:

Enclosed please find an order issued today by the court.

Please contact this office if you have questions.

Sincerely,

Christopher M. Wolpert
Clerk of Court

CMW/klp